# EXHIBIT 1

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
06/23/2025
By: _____V. Bloxson_____ Deputy

**Delores Marie Scott**

925 Cresta Way, APT 4

San Rafael, CA 94903

Tel: (510) 932-0361

Plaintiff In Pro Per

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SACRAMENTO

| | |
|---|---|
| DELORES MARIE SCOTT, Mother of Deceased, LAMAR LAVALL SCOTT,<br><br>　Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO; California Attorney General; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION STAFF ON DUTY; INDIVIDUAL OFFICERS OR MEDICAL STAFF; and DOES 1–10, inclusive,<br><br>　**Defendants.** | Case No.: 2 5CV01203 |

## FIRST AMENDED COMPLAINT FOR:

1. WRONGFUL DEATH (NEGLIGENCE)

2. VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

3. FAILURE TO PROVIDE A DUTY OF CARE

### DEMAND FOR JURY TRIAL

COMPLAINT

Plaintiff DELORES MARIE SCOTT alleges as follows:

PARTIES

1. Plaintiff Delores Marie Scott is the mother and legal representative of the estate of Lamar Lavall Scott, deceased, and resides in the State of California.
2. Decedent Lamar Lavall Scott (CDCR No. AX4565) was an inmate at California State Prison at the time of his death on or about December 16, 2024.
3. Defendant County of Sacramento is a political subdivision of the State of California and, at all times relevant herein, was responsible for the policies, oversight, and employment of correctional and medical staff at Folsom Road Prison.
4. Defendant Sacramento County Sheriff's Department is responsible for law enforcement operations and oversight in Sacramento County's correctional institutions.
5. Defendants employed at California State Prison, including correctional and medical staff, were at all times acting within the scope and course of their duties.
6. Plaintiff is unaware of the true names and capacities of Defendants sued as DOES 1 through 10, and therefore sues these Defendants under fictitious names. Plaintiff will amend this Complaint to include their true names and capacities when they are ascertained.

JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to Article VI, Section 10 of the California Constitution.
8. Venue is proper in the County of Sacramento under Code of Civil Procedure §395, as the acts and omissions giving rise to this action occurred in this county.

GENERAL ALLEGATIONS

9. On or about December 16, 2024, Lamar Lavall Scott was fatally stabbed by another inmate, Jason Brannigan, inside California State Prison. The incident was witnessed by a correctional officer.
10. During the same event, Mr. Brannigan also stabbed a second inmate who survived.
11. Prison staff failed to prevent the assault despite clear signs of escalating tension and prior histories of violence among involved inmates.
12. Prison staff failed to detect or prevent the introduction or manufacture of deadly weapons within the facility, breaching their duty of care.
13. The institution's failure to maintain a secure environment and adequately supervise inmates constituted gross negligence and deliberate indifference.
14. Despite eyewitness evidence, the Sacramento County District Attorney's Office has not charged the perpetrator, allegedly due to misconduct or involvement by staff.
15. As a direct and proximate result of Defendants' actions and omissions, Lamar Lavall Scott suffered unnecessary pain, loss of life, and constitutional violations.

FIRST CAUSE OF ACTION: WRONGFUL DEATH (NEGLIGENCE)

16. Plaintiff realleges and incorporates by reference the foregoing paragraphs.
17. Defendants owed Lamar Lavall Scott a duty of care to ensure his safety and prevent foreseeable harm while in custody.
18. Defendants breached that duty through acts and omissions, including failure to monitor inmates, prevent violence, and secure the facility.
19. As a direct result, Lamar Lavall Scott suffered fatal injuries and Plaintiff suffered the loss of her son.
20. Plaintiff seeks damages for loss of companionship, emotional distress, funeral and burial costs, and other related damages.

SECOND CAUSE OF ACTION: VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

21. Plaintiff realleges and incorporates by reference the foregoing paragraphs.
22. Defendants, acting under color of state law, violated Lamar Lavall Scott's constitutional rights under the Eighth and Fourteenth Amendments.
23. Defendants acted with deliberate indifference to the safety, health, and civil rights of Lamar Lavall Scott.
24. Plaintiff seeks compensatory and punitive damages, as well as attorneys' fees pursuant to 42 U.S.C. §1988.

THIRD CAUSE OF ACTION: FAILURE TO PROVIDE DUTY OF CARE

25. Plaintiff realleges and incorporates by reference the foregoing paragraphs.
26. Defendants had a duty to provide a safe and secure facility for those in custody.
27. Defendants breached that duty by failing to prevent the presence and use of deadly weapons.
28. As a direct result, Lamar Lavall Scott was killed in a preventable incident.
29. Plaintiff has suffered both economic and non-economic damages, including emotional distress resulting from the wrongful death of her only son.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:
1. General and special damages according to proof;
2. Punitive damages against individual Defendants where appropriate;
3. Reasonable attorneys' fees and costs of suit;
4. Such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 23, 2025

Respectfully submitted,

Delores Marie Scott
Plaintiff In Pro Per