# EXHIBIT 5

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
05/20/2025
By: _____ C. Raybould _____ Deputy

Delores Marie Scott

1801 14th Street, Unit 243

Oakland, CA 94801

Tel: (510) 932-0361

Plaintiff In Pro Per

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SACRAMENTO

DELORES MARIE SCOTT, Mother of Deceased, LAMAR LAVALL SCOTT,
Plaintiff,

v.

COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, FOLSOM PRISON STAFF ON DUTY, INDIVIDUAL OFFICERS OR MEDICAL STAFF, and DOES 1–10, inclusive,
Defendants.

Case No.: 25CV012031

COMPLAINT FOR:
1. WRONGFUL DEATH (NEGLIGENCE)
2. VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)
3. FAILURE TO PROVIDE A DUTY OF CARE
DEMAND FOR JURY TRIAL

COMPLAINT

Plaintiff DELORES SCOTT, by and through her undersigned counsel, alleges as follows:

**PARTIES**

1. 1. Plaintiff Delores Scott is the mother and legal family representative of Lamar Lavall Scott, deceased, and resides in the State of California.

2. 2. Decedent Lamar Lavall Scott (CDCR No. AX4565) was an inmate housed at Folsom State Prison at the time of his death on or about December 16, 2024.

3. 3. Defendant County of Sacramento is a political subdivision of the State of California and at all times relevant was responsible for the policies, oversight, and employment of correctional and medical staff at Folsom State Prison.

4. Defendant Sacramento County Sheriff's Department is responsible for law enforcement operations and oversight relevant to Sacramento County's correctional institutions.

5. Defendant Folsom Prison staff on duty, including correctional and medical personnel, were employed and acting within the scope of their duties at all times mentioned herein.

6. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 10 and therefore sues those Defendants under fictitious names. Plaintiff will amend this Complaint when their true names and capacities are ascertained.

**JURISDICTION AND VENUE**

7. Jurisdiction is proper in this Court under Article VI, §10 of the California Constitution.

8. Venue is proper in the County of Sacramento under Code of Civil Procedure §395 because the acts and omissions giving rise to this complaint occurred within this county.

**GENERAL ALLEGATIONS**

9. On or about December 16, 2024, Lamar Lavall Scott was stabbed to death by another inmate, Jason Brannigan, inside Folsom State Prison. The attack was witnessed by a correctional officer.

10. During the same incident, Mr. Brannigan stabbed a second inmate who survived.

11. Prison staff failed to prevent the assault despite clear indications of escalating tensions and known histories of violence among certain inmates.

12. Prison staff and officials failed to detect, remove, or prevent the introduction and/or manufacturing of a deadly weapon within the prison, thereby breaching their duty of care.

13. The prison's failure to secure the environment and supervise inmates properly constitutes gross negligence and deliberate indifference.

14. Despite eyewitness testimony and available evidence, the Sacramento County District Attorney's Office has failed to charge the perpetrator, allegedly due to involvement or misconduct by prison staff.

15. As a direct and proximate result of Defendants' actions and omissions, Lamar Lavall Scott suffered unnecessary pain, loss of life, and deprivation of his constitutional rights.

**FIRST CAUSE OF ACTION**
**Wrongful Death (Negligence)**
**(Against All Defendants)**

16. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

17. Defendants owed Lamar Lavall Scott a duty of care to ensure his safety and to prevent foreseeable harm while in custody.

18. Defendants breached that duty through acts and omissions, including, but not limited to, failure to monitor inmates, prevent violence, and secure the facility.

19. As a direct result, Lamar Lavall Scott suffered fatal injuries, and Plaintiff suffered the loss of her son.

20. Plaintiff seeks damages for loss of companionship, funeral and burial expenses, emotional distress, and other compensatory damages.

**SECOND CAUSE OF ACTION**
**Violation of Civil Rights (42 U.S.C. §1983)**
**(Against Individual Officers and DOES 1–10)**

21. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

22. The conduct of Defendants, under color of state law, deprived Lamar Lavall Scott of his rights under the Eighth and Fourteenth Amendments, including the right to be free from cruel and unusual punishment and the right to life.

23. Defendants acted with deliberate indifference to the safety, health, and rights of Lamar Lavall Scott.

24. Plaintiff is entitled to damages under federal civil rights law, including compensatory and punitive damages, as well as attorney's fees pursuant to 42 U.S.C. §1988.

**THIRD CAUSE OF ACTION**
**Failure to Provide Duty of Care**
**(Against All Defendants)**

25. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

26. Defendants had a legal duty to maintain a safe and secure environment for incarcerated individuals.

27. Defendants breached this duty by failing to prevent the creation, possession, or use of deadly weapons within the institution.

28. As a direct result, Lamar Lavall Scott suffered fatal injuries due to a preventable act of violence.

29. Plaintiff has sustained economic and non-economic damages, including the emotional and psychological harm from the wrongful death of her only son.

**PRAYER FOR RELIEF**

1. Award general and special damages according to proof;

2. Award punitive damages against individual Defendants where applicable;

3. Award reasonable attorneys' fees and costs of suit;

4. Grant any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**
Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: 05.05.2025

 for Plaintiff

DELORES MARIE SCOTT