UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES MARIE SCOTT,<br><br>            Plaintiff,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>            Defendants. | No.  2:25-cv-02308 DJC SCR P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, the mother and successor in interest of Lamar Lavall Scott, is proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  On August 25, 2025, the undersigned appointed Paul Masuhara, Esq., as counsel to plaintiff for the limited purpose of "investigating the claim, then drafting and filing an amended complaint."  ECF No. 6.  Counsel filed the second amended complaint ("SAC") on October 27, 2025.  ECF No. 11.

      Plaintiff's SAC is now before the undersigned for screening.  The SAC, however, raises federal claims against Doe defendants only.  ECF No. 11 at 18-20.  Because the U.S. Marshal Service cannot serve Does, the undersigned will defer screening and allow Plaintiff to conduct early discovery to obtain and substitute the real names of defendants Doe 1-30.  The undersigned will also extend the appointment of Mr. Masuhara for the limited purpose of assisting Plaintiff in conducting the early discovery and seeking leave to substitute the Doe defendants' real names.  Finally, it is recommended that plaintiff's motion to remand (ECF No. 8) be denied as moot.

1

# PROCEDURAL BACKGROUND

Plaintiff is the mother of Lamar Lavall Scott, who was fatally stabbed at California State Prison, Sacramento ("CSP-SAC") on December 16, 2024. ECF No. 1-1 at 3. Plaintiff, proceeding pro se, filed the original complaint in this matter on May 20, 2025, in the Sacramento County Superior Court. ECF No. 1-4. Plaintiff filed her first amended complaint ("FAC") in the same court on June 23, 2025, asserting constitutional claims under 42 U.S.C. § 1983 and state law causes of action against four defendants: (1) County of Sacramento; (2) Sacramento County Sheriff's Department; (3) California Department of Corrections and Rehabilitation ("CDCR"); and (4) California Attorney General.[1] The municipal defendants were served with the FAC and summons on June 2, 2025. ECF No. 1-8. Defendants CDCR and California Attorney General were served on July 14, 2025, and July 15, 2025, respectively. ECF No. 1-2, 1-3.

On August 13, 2025, defendants paid the filing fee and filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), removing the action to this federal district court. ECF No. 1. The undersigned subsequently notified the parties that plaintiff's FAC would be screened under 28 U.S.C. § 1915A in due course (ECF No. 3) and stayed defendants' obligation to file a responsive pleading (ECF No. 5). On August 25, 2025, the undersigned appointed Paul Masuhara as counsel to plaintiff for the limited purpose of "investigating the claim, then drafting and filing a [second] amended complaint." ECF No. 6. Later that same day, plaintiff's motion to remand the action was docketed. ECF No. 8. Plaintiff filed the operative SAC on October 27, 2025. ECF No. 11.

# PLAINTIFF'S MOTION TO REMAND

Before turning to the SAC, the undersigned recommends that plaintiff's motion to remand (ECF No. 8) be denied as moot. See Flam v. Flam, 788 F.3d 1043, 1047 (9th Cir. 2015) ("[A] magistrate judge presented with a motion for remand should provide a report and recommendation to the district court that is subject to de novo review[.]") (internal quotations and citation omitted). Plaintiff filed the motion before the appointment of limited-purpose counsel, arguing that her FAC raised only state claims and any reference to § 1983 was "incidental." Id. at

---

[1] Plaintiff originally named "Does 1-10" but later redesignated that defendant as the California Attorney General in an Amendment to Complaint filed June 23, 2025. ECF No. 1-10.

2

1   2. However, in the SAC, plaintiff unambiguously asserts § 1983 claims. See ECF No. 11.

2   Plaintiff's SAC supersedes the FAC, with "the latter being treated thereafter as non-
3   existent." Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations
4   omitted). "The plaintiff is 'the master of the complaint,' and therefore controls much about her
5   suit." Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 35 (2025) (quoting Caterpillar
6   Inc. v. Williams, 482 U.S. 386, 398–399 (1987)). "She gets to determine which substantive
7   claims to bring against which defendants. And in so doing, she can establish—or not—the basis
8   for a federal court's subject-matter jurisdiction." Id. Accordingly, as there is now no question as
9   to plaintiff's desire to remain in federal court, her motion to remand should be denied as moot.

**STATUTORY SCREENING**

11  The court is required to screen complaints brought by prisoners seeking relief against "a
12  governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A
13  claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.
14  Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on
15  an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S.
16  at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
17  arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

18  In order to avoid dismissal for failure to state a claim a complaint must contain more than
19  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
20  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
21  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
22  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the
23  court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial
24  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
25  inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When
26  considering whether a complaint states a claim, the court must accept the allegations as true,
27  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
28  favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

1          **PLAINTIFF'S SECOND AMENDED COMPLAINT**

2     **I.     Factual Allegations**

3          Plaintiff's SAC names as defendants the State of California, CDCR, and Doe 1 to 30.[2]
4     ECF No. 11. Plaintiff alleges that her son, Lamar Lavall Scott, was killed on December 16, 2024,
5     when he was stabbed by fellow inmate Jason Brannigan at CSP-SAC while in the custody of
6     defendants State of California and CDCR. Id. at 1. She brings this action in her representative
7     capacity pursuant to Cal. Civ. Proc. Code § 377.30,[3] and on behalf of herself in her individual
8     capacity. Id. at 2.

9          Mr. Scott was 35 years old and incarcerated at CSP-Sac at the time of his death. ECF No.
10    11 at 3. Jason Brannigan stabbed Mr. Scott multiple times with an improvised weapon. Mr.
11    Scott called out for help prior to and during the stabbing, yelling, "Help me!" and "I'm being
12    stabbed!" Id. Plaintiff alleges that correctional officers, including Does 21 through 30, witnessed
13    the stabbing and heard Mr. Scott's calls for help but failed to intervene. Id. After Mr. Scott was
14    stabbed, Brannigan stabbed a second inmate, Santana West. ECF No. 11 at 3. Correctional
15    officers, including Does 21 to 30, intervened in this stabbing and West survived. Id.

16         Plaintiff alleges she is not aware of the identifies and actions of the involved prison
17    officials, including Does 1 to 30, because defendants State of California and CDCR have failed to
18    release information beyond that which was contained in a press release. ECF No. 11 at 3. The
19    SAC sorts the Doe defendants into three categories:

20         1)    **Does 1 to 10** are prison officials who were responsible for "assigning, classifying,
21    and housing" inmates at CSP-Sac. Plaintiff alleges Does 1 to 10 were aware of Brannigan's
22    documented history of violence and but failed to house Brannigan relative to the danger and
23    threat Brannigan presented to other inmates, including Mr. Scott. Id. at 4.

---

[2] The SAC omits the two municipal defendants named in the FAC: (1) County of Sacramento; and (2) Sacramento Sheriff's Department. The undersigned will direct the Clerk of the Court to remove them from the Docket.

[3] Plaintiff attached to the SAC a declaration asserting her status as Mr. Scott's successor-in-interest pursuant to Cal. Civ. Proc. Code § 377.32. See ECF No. 11-1.

2) **Does 11 to 20** are prison officials responsible for "searching for, monitoring, detecting, confiscating, and preventing the introduction and manufacture of deadly contraband weapons within CSP-SAC." Plaintiff alleges Does 11 to 20 failed to discover the improvised weapon Brannigan used to stab Mr. Scott. Id. at 5-7.

3) **Does 21 to 30** are prison officials responsible for "monitoring, observing, and supervising inmates." Plaintiff alleges Defendants Does 21 to 30 failed to detect, intervene, and prevent Brannigan's assault and adequately to protect Mr. Scott from Brannigan, where Does 21 to 30 observed escalating tensions and were aware of Brannigan's history of violence. Id. at 7-9.

Plaintiff further alleges that defendants Does 1 to 30 knew that defendants State of California and CDCR maintained inadequate policies and customs relating to these three areas, and did not meaningfully discipline, re-train, correct, or otherwise penalize prison officials involved in incidents where preventable injuries or deaths were sustained by inmates. ECF No. 11 at 9, 18. For support, plaintiff cites forty-eight instances of inmate-on-inmate assaults at CSP-Sac dating back to 2010. Id. at 9-18.

**II.    Claims for Relief**

Plaintiff alleges three § 1983 claims against Doe 1 to 30: (1) an Eighth Amendment claim for deliberate indifference; (2) a Fourteenth Amendment claim for unwarranted interference with familial association; and (3) a First Amendment claim for unwarranted inference with familial association. ECF No. 11 at 18-20. Plaintiff does not assert any federal claims against defendants State of California or CDCR.

Plaintiff's SAC also raises five state law claims: (1) failure to summon medical care, Cal. Gov't Code § 845.6; (2) Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1; (3) intentional infliction of emotional distress ("IIED"); (4) negligence; and (5) wrongful death, Cal. Code Civ. Proc. § 377.60. ECF No. 11 at 21-26. Plaintiff levies four of the state claims – failure to summon medical care, Bane Act, negligence, and wrongful death – against defendants State of California, CDCR, and Doe 1 to 30. Id. Plaintiff's IIED claim names only Doe 1 to 30. Id. at 23.

////

////

5

**III.     Request for Relief**

Plaintiff requests, <u>inter alia</u>, compensatory, general, special, and nominal damages against all defendants according to proof at trial, exemplary/punitive damages against defendants Doe 1 to 30, funeral and/or burial expenses, attorneys' fees and costs, and any other relief the court deems fair, just, and equitable.  <u>Id.</u>

## LEGAL STANDARDS

**I.     42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  <u>Benavidez v. County of San Diego</u>, 993 F.3d 1134, 1144 (9th Cir. 2021).

**II.     Linkage**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  <u>Starr v. Baca</u>, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).  In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

////

6

**DISCUSSION**

I.     **Federal Constitutional Claims**

Plaintiff raises her three constitutional claims against defendants Doe 1-30 only.  See ECF No. 11 at 18-20.  The use of Doe defendants generally is disfavored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), and is particularly problematic here.  Even if screening reveals the SAC states cognizable § 1983 claims against any of the three categories of Doe defendants, the undersigned cannot order the U.S. Marshal Service to serve them.  Thus, in order for this case to proceed, plaintiff must determine the identity of at least one Doe Defendant and seek leave to substitute their real name.

To promote a just and speedy determination of the case, see Fed. R. Civ. P. 1, the undersigned will defer screening and consider whether to allow plaintiff to conduct early discovery to obtain the Doe defendants' names.  "If the identity of any defendant is unknown, 'the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'"  Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie, 629 F.2d at 642).  District courts have authority under Fed. R. Civ. P. 26(d)(1) to permit early discovery upon a showing of good cause.  See Malibu Media, LLC v. Doe, 319 F.R.D. 299, 302 (E.D. Cal. 2016) (citing In re Countrywide Fin. Corp. Derivative Litig., 542 F.Supp.2d 1160, 1179 (C.D. Cal. 2008)).  "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  Id.

Good cause exists here to allow plaintiff to propound discovery on defendant CDCR regarding the identities of the Doe defendants.  Plaintiff was obviously not present during the events underlying the SAC and alleges that defendant CDCR has failed to release information related to her son's death beyond the press release.  See ECF No. 11 at 3-4.  Based on the specificity in which the SAC describes the three categories of Doe defendants, discovery is likely to disclose the identifies of the Doe defendants.  See Crowley, 734 F.3d at 978. Moreover, at this early stage of the case and without the benefit of briefing from defendants, the undersigned

cannot say that plaintiff's § 1983 claims will be subject to dismissal on other grounds.  Id.  The Ninth Circuit has also generally allowed pro se plaintiffs in prisoner actions to conduct limited, early discovery when doing so would allow them to identify Doe defendants and facilitate service of the complaint.  See, e.g., Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Young v. Transportation Deputy Sheriff I, 340 Fed.App'x 368, 369 (9th Cir. 2009).

Accordingly, the undersigned will open discovery for a period of four months to allow plaintiff to propound written discovery on defendant CDCR.  Counsel for CDCR has already appeared on account of CDCR's Notice of Removal.  See Docket.  The scope of the discovery is limited to obtaining the real names of defendants Doe 1-30.  In addition, the undersigned sua sponte extends the appointment of Mr. Masuhara (ECF No. 6) for the limited purpose of assisting plaintiff with conducting discovery and seeking leave of the court to substitute the Doe defendants' real names.

## II.     State Law Claims

Plaintiff's SAC also asserts five state law claims.  While the state-defendant claims present obvious sovereign immunity problems, see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984), the undersigned will defer formally screening the state claims as well.  A district court may only exercise supplemental jurisdiction over state claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"  28 U.S.C. § 1367(a).  "[Section 1367's] plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it."  Herman Fam. Revocable Tr. v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).  Thus, until plaintiff pleads at least one cognizable federal claim and establishes the court's original jurisdiction, the undersigned cannot assert supplemental jurisdiction.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. For good cause shown, the undersigned refers the action to early discovery for the limited purpose of identifying defendants Doe 1-30. The parameters of early discovery are as follows:

      a. Plaintiff may propound written discovery on defendant CDCR until **April 17, 2026**, for the limited purpose of identifying defendants Doe 1-30.

      b. Defendant CDCR shall respond to written discovery requests within forty-five days after the request is served.

      c. The undersigned will not entertain discovery motions pursuant to Fed. R. Civ. P. 37. Any early discovery disputes must be resolved by telephonic conference per the Informal Discovery Resolution laid out in the undersigned's Civil Standing Order. Requests for an informal telephonic conference must be made by **April 17, 2026**.

2. Any amended complaint or motion to substitute Doe defendants must be filed by **May 18, 2026.**

3. The appointment of Paul Masuhara (ECF No. 6) is extended for the limited purposes of assisting Plaintiff with early discovery and seeking leave of the court to substitute the real name(s) of defendants Does 1-30. Mr. Masuhara's appointment will terminate when plaintiff moves to substitute the real names of Doe defendants or upon the filing of a notice that such substitution is not feasible.

4. Appointed counsel shall notify Sujean Park via email at spark@caed.uscourts.gov if he has any questions related to the appointment.

5. Defendant CDCR's obligation to file a responsive pleading shall remain STAYED pending screening under 28 U.S.C. § 1915A.

6. The Clerk of the Court is directed to:

      a. Serve a copy of this order upon Paul Masuhara, Law Office of Mark E. Merin, 1010 F St., Suite 300, Sacramento, CA 95814;

      b. Serve a copy of the undersigned's Civil Standing Order on plaintiff; and

      c. Terminate defendants County of Sacramento and Sacramento Sheriff's Department from the Docket.

Additionally, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand (ECF No. 8) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE