Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
                paul@markmerin.com

  Limited Purpose Counsel for Plaintiff
  DELORES MARIE SCOTT

ROB BONTA, State Bar No. 202668
Attorney General of California
ALICIA A. BOWER, State Bar No. 287799
Supervising Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
DANIEL KRASIEV-DVORNIKOV, State Bar No. 352909
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3362
  Fax: (415) 703-5843
  E-mail: Daniel.KrasievDvornikov@doj.ca.gov

  Attorney for Defendants
  STATE OF CALIFORNIA and
  CALIFORNIA DEPARTMENT OF
  CORRECTIONS & REHABILITATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

DELORES MARIE SCOTT,

                 Plaintiff,

vs.

STATE OF CALIFORNIA, et al.,

                 Defendants.

Case No. 2:25-cv-02308-DJC-SCR

**STIPULATION FOR PROTECTIVE ORDER;**
~~**[PROPOSED]**~~ **ORDER**

1

## STIPULATION FOR PROTECTIVE ORDER

. **PURPOSE AND LIMITATION**

Defendants believe that the disclosure and discovery activity concerning the materials described in section C of this stipulated protective order is likely to involve production of confidential or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Plaintiff has not been permitted to view the materials described in this stipulated protective order. The Parties acknowledge that this stipulated protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items that are entitled to such protection under Federal Rule of Civil Procedure 26(c). The Parties further acknowledge that this stipulated protective order does not entitle any party to file information designated as protected or confidential under seal, where Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

. **DEFINITIONS**

The following definitions shall apply to this stipulated protective order:

1.      The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.      "Documents" or "Confidential Documents" shall mean the Documents that Defendants designate as "Confidential" in the manner set forth in this Stipulated Protective Order.

3.      "Confidential" shall mean information designated "Confidential" pursuant to this stipulated protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Federal Rule of Civil Procedure 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4.      "Plaintiff" shall mean DELORES MARIE SCOTT.

2

5.      "Defendants" shall mean the STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, and any other Defendants that may subsequently be added to this action (for example, DOE 1 to 30).

6.      "Parties" shall mean Plaintiff and Defendants, identified above.

**. INFORMATION COVERED**

Covered Information:

Pursuant to Local Rule 141.1(c)(1), a description of the information eligible for protection under this stipulated protective order is limited to the following:

1.      Documents and information produced by Defendants' response to Plaintiff's request for production, set one (served 01/08/26); and

2.      Documents and information produced by Defendants' response to Plaintiff's interrogatories, set one (served 01/08/26).

Particularized Need for Protection:

Pursuant to Local Rule 141.1(c)(2), Defendants assert that there exists a specific, particularized need for protection as to the information covered by this stipulated protective order. In good faith, Defendants represent to the Court and Plaintiff that the materials designated to be covered by this stipulated protective order are limited solely to those which would qualify for protection under Rule 26(c), and does not include information which has been subject to protection on a blanket or indiscriminate basis. See, e.g., *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (identifying a two-part test for obtaining a protective order under Federal Rule of Civil Procedure 26(c)).

Showing of Need for a Protective Order:

Pursuant to Local Rule 141.1(c)(3), the need for protection pursuant to this stipulated protective order is for the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of resources concerning a potential Federal Rule of Civil Procedure 26(c) motion for protective order. The entry of this stipulated protective order prevents the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection under Rule 26(c), in favor of a procedure whereby presumptive protection is afforded based on Defendants' good faith

3

representations. *See, e.g., Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head."). As a result, production may be made with this stipulated protective Order in place and, if necessary, will permit discrete and narrowed challenges to the documents covered by this stipulated protective Order.

. **TERMS OF THE PROTECTIVE ORDER**

Confidential Documents subject to protection may be designated as "Confidential" by Defendants and produced subject to the following stipulated protective order:

1.      The Confidential Documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.      The Parties will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

3.      <u>Temporary "Attorney's-Eyes-Only" Provision</u>: Materials produced under this protective order are limited to attorney's-eyes-only until any further amended complaint is screened-in by the Court and a further protective order has been issued. *See* ECF No. 18. Assuming this case moves forward after screening with Plaintiff proceeding *pro se*, the Court will convene a status conference with Defendants and Plaintiff to determine the parameters of a further protective order. This attorney's-eyes-only provision does not preclude Plaintiff's counsel from discussing or explaining assertedly-protected documents with the client/Plaintiff, and sharing assertedly-protected documents with the client/Plaintiff when meeting at counsel's office. However, Plaintiff's attorney must maintain possession of any such assertedly-protected documents, as this attorney's-eyes-only provision precludes Plaintiff's counsel from transferring assertedly-protected documents to the client/Plaintiff's custody, possession, or control.

4.      The Confidential Documents may only be disclosed to the following persons:

(a)      The Parties, including Plaintiff and Defendants—if they have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)      Paul H. Masuhara of the Law Office of Mark E. Merin, and partners and associate

4

attorneys in that office, if any, as counsel for Plaintiff in the case enumerated above;

(c)     Alicia A. Bower, David Kuchinsky, and Daniel Krasiev-Dvornikov of Office of the California Attorney General, partners and associate attorneys in that office, as counsel for Defendants in the case enumerated above;

(d)     Paralegal, clerical, and secretarial personnel (in-house staff) regularly employed by counsel referred to in subparts (b) and (c) immediately above;

(e)     Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(f)     Any expert, consultant, or investigator retained in connection with this action—if they have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

5.      Information covered by this stipulated protective Order does not automatically entitle the Parties to file such information or documents with the Court under seal. Any request to seal documents is governed by Local Rule 141. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential Documents will be filed and served in accordance with Local Rule 141.

6.      The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

7.      Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper

5

and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion for protective order pursuant to Rule 26(c) and Local Rule 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

8.      Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this stipulated protective order, the disclosing person(s) shall promptly (a) inform counsel for Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this stipulated protective Order.

9.      The protections conferred by this stipulated protective order cover the information defined above, as well as any information copied from the materials. However, the protections conferred by this stipulated protective order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

6

10. Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. All confidential documents or information that is subject to this stipulated protective order shall be returned or destroyed upon the conclusion of this litigation, either through the settlement of the case, the dismissal of the case or the entry of a Final Order (i.e., an Order not subject to further appeal). Nothing in this section requires a party, its counsel, or consultants to delete discovery material which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity, or other reasons, except that the parties agree that all such Confidential Information will continue to be confidential under this Order.

11. Notwithstanding the above requirements to return or destroy documents, counsel for the Parties may retain a copy of Confidential Information as part of counsels' case files. After the conclusion of this litigation, the Confidential Documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

12. This stipulated protective order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this stipulated protective order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the stipulated protective order shall continue in force as a private agreement between the parties.

13. The parties may request additional records to be subject to this stipulated protective order. If a party believes a document to be produced should be subject to this stipulated protective order, the parties must meet and confer. If there is agreement, the parties shall submit an amendment to this stipulated protective order to identify the additional documents. If the parties cannot agree, a Motion for

7

Protective Order shall be filed accordingly.

14. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this stipulated protective order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

IT IS SO STIPULATED.

Dated: May 12, 2026

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Paul H. Masuhara*

By: _____
Paul H. Masuhara

Limited Purpose Counsel for Plaintiff
DELORES MARIE SCOTT

Dated: May 12, 2026

Respectfully Submitted,

*/s/ Daniel Krasiev-Dvornikov*
(as authorized on May 12, 2026)
By: _____
Alicia A. Bower
Daniel Krasiev-Dvornikov
David E. Kuchinsky

Attorney for Defendants
STATE OF CALIFORNIA and
CALIFORNIA DEPARTMENT OF
CORRECTIONS & REHABILITATION

## ~~[PROPOSED]~~ ORDER

GOOD CAUSE APPEARING, the parties' stipulation is GRANTED.

IT IS SO ORDERED.

Dated: May 18, 2026

_____
Sean C. Riordan
UNITED STATES MAGISTRATE JUDGE

8

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on _____ (date) in the case of *Scott v. State of California, et al.*, Case No. 2:25-cv-02308-DJC-SCR (E.D. Cal.). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____[printed name]

Signature: _____[signature]

**STIPULATION FOR PROTECTIVE ORDER**
*Scott v. State of California*, United States District Court, Eastern District of California, Case No. 2:25-cv-02308-DJC-SCR